UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------- x
TIERA PERRY, on behalf of himself and : Civil Action No. 20-
others similarly situated, :
:
              Plaintiff, : **FLSA COLLECTIVE ACTION and**
 - against : **RULE 23 CLASS ACTION**
: **AMENDED COMPLAINT**
HIGH LEVEL DEVELOPMENT :
CONTRACTING & SECURITY LLC :
and SHELDON MIDDLETON, : **Jury Trial Demanded**
:
              Defendants. :
---------------------------------------------- x

    Plaintiff Tiera Perry ("Plaintiff"), on behalf of herself and other similarly situated employees, by and through her attorney, Mohammed Gangat, as and for her complaint against defendants High Level Development Contracting & Security LLC and Sheldon Middleton, (collectively, "Defendants") alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

    1.    Pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff and a proposed FLSA collective are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages (3) liquidated damages; (4) prejudgment interest; (5) damages pursuant to NYLL § 215(2)(a); and (6) attorneys' fees.

    2.    Pursuant to the New York Labor Law ("NYLL"), Plaintiff and a proposed Rule 23 class composed of hourly workers who worked as security guards for the Defendants are entitled to recover from Defendants: (1) unpaid minimum wage; (2) unpaid overtime; (3) unpaid spread of hours premium; (4) statutory damages arising out of Defendants failure to provide required wage and hour law notices; (5) liquidated damages and civil penalties pursuant to

NYLL and the New York State Wage Theft Prevention Act; (6) prejudgment interest; and (7) attorneys' fees.

3. Plaintiff also brings this action under 29 U.S.C. § 215(a)(3) and the NYLL § 215 to remedy Defendants' retaliatory termination of her employment following the filing of this lawsuit, and seeks all damages available to her under 29 U.S.C.A. § 216(b) and NYLL § 215(2)(a), including but not limited to reinstatement, back pay, front pay, compensatory and punitive damages, as well as attorneys' fees and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

7. Plaintiff is a resident of County of New York.

8. Defendant High Level Development Contracting & Security LLC ("Corporate Defendant") is a New York corporation that staffs security guards and residential and commercial facilities throughout New York City and its surrounding areas.

9. Defendant Sheldon Middleton, is an individual, residing in Brooklyn, New York,

and is the owner, shareholder, director, supervisor, managing agent, and/or proprietor, of the Corporate Defendant, and actively participates in the day-to-day operations of the Corporate Defendant.

10. Upon information and belief, at all relevant times, Defendants jointly employed Plaintiff and had the power to hire and fire him, supervised and controlled his work schedules and the conditions of his employment, determined the rate and method of their payment, and maintained his employment records.

11. Defendants acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the Corporate Defendant.

12. Defendants exercise control over the terms and conditions of their employees' employment, in that they have the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13. At all relevant times, Defendants met the definition of an "employer" under all applicable statutes.

14. Defendants are responsible under the law to maintain employment records of the Plaintiff's employment including records of wages paid and hours worked.

15. The work performed by Plaintiff was directly essential to the business operated by Defendants.

## STATEMENT OF FACTS

16. Defendants hired and continuously employed Plaintiff in the State of New York to

work as a non-exempt employee as a security guard being assigned to various locations throughout New York City and its surrounding areas.

17. Plaintiff was hired on or about October 3, 2018. She worked continuously until in or about March 2019 when she took a hiatus from the employment. She returned in or about November 2019 and worked continuously until she was wrongfully terminated in March 2020.

18. The termination was wrongful in that the employer's reason for the termination was retaliation against Plaintiff asserting her rights to overtime wages an in a pre-litigation demand letter.

19. Plaintiff was paid $13 per hour when she was first hired, and received a raise to $15 per hour on January 1, 2019.

20. Plaintiff routinely worked overtime, but was denied proper overtime compensation.

21. Rather than pay the required overtime rate of time and one-half the employee's regular hourly rate, Defendants paid the regular hourly rate for all hours worked, including hours in excess of 40.

22. Plaintiff worked a variable schedule, being assigned to different days of work each week, and different hours each day.

23. A more precise statement of the hours worked will be made by Plaintiff after received wage and hour records during the course of discovery in this action, which records Defendants are required to maintain under the Fair Labor Standards Act and New York Labor Law.

24. Suffice it to say, throughout the employment, Plaintiff worked in excess of forty hours per week and she received failed to compensate her at a level at or above the minimum

wage for the first forty hours worked plus time and one-half the minimum wage for all hours worked over forty in a workweek.

25. Plaintiff regularly worked ten hours or more in a day and did not receive additional compensation as required under New York Labor Law's spread of hours provisions.

26. Plaintiff has had direct conversations with other employees where those employees disclosed to Plaintiff that they too were working in excess of forty hours per week and ten hours per day while not being paid overtime rates or spread of hours pay.

27. Defendants had a policy of employing individuals for more than forty hours per week and paying a straight time rate.

28. In fact, Plaintiff had a conversation with the individual defendant where he state to her that his company does not pay overtime.

29. Defendants failed to provide wage statements properly listing the employee's overtime rate of pay.

30. Defendants failed to provide Plaintiff and other hourly employees with required wage notices indicating rate of pay, and overtime rate at the time of hiring.

31. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that he worked a shift in excess of ten (10) hours, in direct violation of the New York Labor Law

and the supporting federal and New York State Department of Labor Regulations.

33. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and other similarly situated employees with notice of wage and hour laws, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations, as part of an intentional and coordinated scheme to deprive Plaintiff and sales associates of their rights under state and federal wage and hour laws.

34. In February 2020, counsel for Plaintiff sent a letter to the Corporate Defendant, indicating counsel was retained, investigating potential wage and hour violations, and requesting a sampling of wage and hour records for Plaintiff.

35. Thereafter, Plaintiff suffered a steady stream of retaliatory actions culminating in her termination in March 2020.

36. Plaintiff has at all time performed her job in a satisfactory manner.

37. There was no basis for Defendants to terminate Plaintiff.

38. The sole factor in Defendants' decision to terminate Plaintiff was that Plaintiff has sought to enforce his rights to be paid for all hours worked or suffered/permitted to work and to paid the right hourly rate (i.e., overtime) for all hours worked over 40 in a single workweek.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants as hourly employees subject to Defendants' policy paying straight time rates for overtimes hours (the "FLSA Collective").

40. Upon information and belief, the total number of members of the FLSA Collective is so numerous that joinder of all members is impracticable. Although the precise

number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty five (25) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

    41.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

    42.    Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

    43.    This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

    44.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

    45.    Questions of law and fact common to the members of the collective action

predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants had the power to hire and fire Plaintiff and the Collective Action Members;

    c. Whether the Defendants had the power to set compensation policies for the Plaintiff and the Collective Action Members;

    d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Collective Action Members;

    e. Whether the Defendants had the power to set the work schedules of the Plaintiff and the Collective Action Members;

    f. Whether the Defendants maintained employee records, including records of certifications and qualifications required to work, with respect to Plaintiff and the Collective Action Members;

    g. Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

    h. Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

    i. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable minimum wage for all straight time hours worked and the required

overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder.

46. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

47. Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

48. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

49. Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") as an hourly employee working more than forty hours per week and not receiving overtime compensation (the "Class Action Members").

50. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

51. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy,

particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

52. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

53. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

54. Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that she must consider the interests of the Class and Collective Action Members just as she would represent and consider her own interests, and that she may not favor her own interests over those of the Class or Collective Action Members.

55. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.

56. Plaintiff understands that in order to provide adequate representation, she must remain informed of litigation developments and he understands that she may be called upon to testify in depositions and at trial.

57. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiffs claims are typical of the Class.

58. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b. Whether the Defendants had the power to hire and fire Plaintiff and the Class members;

c. Whether the Defendants had the power to set compensation policies for Plaintiff and the Class members;

d. Whether the Defendants had the power to set conditions of employment for the Plaintiff and the Class members;

e. Whether the Defendants had the power to set work schedules for the Plaintiff and the Class members;

f. Whether the Defendants maintained employees' records, including records of certifications and qualifications required to work for the Plaintiff and the Class members;

g. Whether the Defendants failed to pay the Plaintiff and the Class members the applicable overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h. Whether the Defendants failed to pay Plaintiff and the Collective Action Members required spread of hours pay for each hour they worked in excess of 10 hours per day;

i. Whether the Defendants' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j. Whether the Defendants are liable for all damages claimed hereunder, including

but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### FIRST CAUSE OF ACTION: FLSA OVERTIME

59. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

60. Defendants violated the rights of Plaintiff and Class Members by failing to pay overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

61. Defendants' failure to pay Plaintiff and Class Members overtime compensation was willful within the meaning of the FLSA, 29 U.S.C § 255.

62. Defendants are liable to Plaintiff and Class Members for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION:

### NYLL OVERTIME AND SPREAD OF HOURS

63. Plaintiff alleges and incorporates by reference the allegations contained in the preceding paragraphs.

64. NYLL § 160 requires employers to compensate their employees at a rate not less than one-and-one-half times their regular rate of pay for any hours worked in excess of 40 per week.

65. Likewise, New York law requires employers to compensate employees for one additional hour of pay for each day when the employee works in excess of ten hours.

66. Plaintiff and Class Members were required to work in excess of 40 hours per week and in excess of 10 hours per day without being compensated for those hours at the statutorily required rate.

67. Defendants' violation was willful and lasted for the duration of all relevant time periods.

68. Defendants are therefore liable to Plaintiffs and Class Members for their unpaid overtime compensation, plus liquidated damages, reasonable attorneys' fees and costs, and any other appropriate relief.

### THIRD CAUSE OF ACTION: NYLL ANNUAL NOTICE

69. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

70. Pursuant to NYLL 195(1)(a), every employer is required to

provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one if this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with any kind of notice at the time of hiring or annually, whatsoever, let alone a notice meeting the requirements laid out in Section 195(1)(a).

72. NYLL § 198(1)(b) provides that any employee not provided such notice may collect damages for $50 for each work day that the violation occurred or continued to occur, up

13

to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

73. During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate annual notices as required by New York law.

74. Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs, and any other relief appropriate pursuant to NYLL § 198.

## FOURTH CAUSE OF ACTION: NYLL WAGE STATEMENTS

75. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

76. Pursuant to NYLL § 195(3), every employer is required to

furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances; if any, claimed as part of the minimum wage; and net wages.

77. Defendants knowingly failed to comply with this provision by failing to provide Plaintiff and Class Members with wage statements meeting the requirements laid out in ¶ 105.

78. NYLL § 198(1)(d) provides that any employee not provided appropriate wage statements may collect damage of $250 for each work day that the violation occurred or continued to occur, up to a total of $5,000 per employee (together with costs and reasonable attorneys' fees as well as appropriate injunctive and/or declaratory relief).

79. During the course of Plaintiff and Class Members' employment, Defendants consistently and willfully failed to provide them with adequate wage statements as required by

14

New York law.

80. Defendants are therefore liable to Plaintiff and Class Members in the amount of $5,000 per employee, plus reasonable attorney's fees and costs and any other relief appropriate pursuant to NYLL § 198.

## FIFTH CAUSE OF ACTION: FLSA RETALIATION

81. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

82. Defendants violated 29 U.S.C. § 215(a)(3) when they terminated Plaintiff's employment in retaliation for his initiation of this lawsuit.

83. Defendants are therefore liable to Plaintiff for damages under 29 U.S.C. § 216(b).

## SIXTH CAUSE OF ACTION: NYLL RETALIATION

84. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

85. Defendants violated the NYLL § 215(a)(3) when they terminated Plaintiff's employment in retaliation for his initiation of this lawsuit.

86. Defendants are there for liable to Plaintiff for damages under NYLL § 215(2)(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

a. That, at the earliest possible time, Plaintiff through her counsel be permitted to give notice of this collective action, or that the Court issue such notice of this collective action, or that the Court issue such notice to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and

    including the date of the Court's issuance of court-supervised notice, been employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper hourly compensation and overtime wages;

b. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23;

c. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

d. Designation of the named Plaintiff as class representative and designation of Mr. Diaz's counsel of record as class counsel;

e. Unpaid wages, back pay, front pay, compensatory damages, punitive damages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.* and the NYLL §§ 190 and 215(2)(a);

f. An additional and equal amount in unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

g. Statutory damages pursuant to NYLL § 198(1)(b) and (d); and

h. Issuance of a declaratory judgement that the practices complained of herein are unlawful under the FLSA and NYLL and a permanent injunction against Defendants' continued engagement in such practices.

## **DEMAND FOR TRIAL BY JURY**

    Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all question of fact raised by the Complaint.

Dated: New York, New York
       May 13, 2020                    **LAW OFFICE OF MOHAMMED GANGAT**

By: *[signature]*
_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiff*